IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GWEN WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | Civil Action File No. |
| MOREHOUSE COLLEGE, INC., ) | _____ |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Gwen Wade (hereinafter "Ms. Wade"), by and through undersigned counsel, and files this lawsuit against Morehouse College, Inc. (hereinafter "Morehouse"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

**Introduction**

1.

The instant action arises from Morehouse's violations of Ms. Wade's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Morehouse which have deprived Ms. Wade of her lawful overtime wages.

2.

During the employment of Ms. Wade, Morehouse violated the FLSA by failing to compensate Ms. Wade at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Ms. Wade seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## Jurisdiction and Venue

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred within the State of Georgia and because Morehouse is subject to personal jurisdiction in this District.

## Parties

6.

Ms. Wade resides in Atlanta, Georgia (within this District) and is a citizen of the United States.

7.

At all times material to this action, Ms. Wade was an "employee" of Morehouse defined by § 203(e)(1) of the FLSA, and worked for Morehouse within the territory of the United States. Ms. Wade is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Morehouse.

8.

Morehouse is a corporation formed under the laws of the State of Georgia that conducts business in the State of Georgia and in this District.

9.

Morehouse maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

10.

Morehouse is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Dr. Alan D. Robertson, 830 Westview Drive SW, Atlanta, Georgia 30314.

11.

At all times material to this action, Morehouse was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

12.

At all times material to this action, Morehouse was an "employer" of Ms. Wade, as defined by § 203(d) of the FLSA.

13.

The overtime provisions set forth in § 207 of the FLSA apply to Morehouse.

**Factual Allegations**

14.

From 1995 until September 13, 2013, Ms. Wade was employed by Morehouse.

15.

At all times relevant hereto, Ms. Wade was not responsible for supervising or directing the work of any other employees.

16.

At all times relevant hereto, Ms. Wade did not possess the authority to hire or fire other employees.

17.

At all times relevant hereto, Ms. Wade's primary duty was not the management of Morehouse or of a customarily recognized department or subdivision thereof.

18.

At all times relevant hereto, Ms. Wade's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

19.

At all times relevant hereto, Ms. Wade did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

20.

At all times relevant hereto, Ms. Wade was a non-exempt employee for purposes of overtime compensation.

21.

While employed by Morehouse, Ms. Wade was required, at times, to work in excess of forty (40) hours a week.

22.

During Ms. Wade's employment with Morehouse, Morehouse did not compensate Ms. Wade for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

23.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Wade are in the possession of Morehouse.

**Failure to Comply with the Overtime Provisions of the FLSA**

24.

Morehouse failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Wade.

25.

Morehouse failed to meet the requirements for paying Ms. Wade at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

26.

Morehouse is liable to Ms. Wade for compensation for any and all time Ms. Wade worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

27.

By its actions alleged herein, Morehouse willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

28.

Morehouse willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Wade in accordance with § 203 and § 207 of the FLSA.

29.

As a result of Morehouse's violations of the FLSA, Ms. Wade has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

30.

As a result of Morehouse's willful violations of the FLSA, Ms. Wade is entitled to liquidated damages.

31.

Pursuant to 29 U.S.C. § 255(a), because Morehouse's violations of the FLSA were willful and intentional, the statute of limitations for Ms. Wade's claim is three (3) years.

32.

Ms. Wade has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

33.

Pursuant to 29 U.S.C. § 216(b), Ms. Wade is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

34.

Morehouse has not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Wade.

35.

As a result of Morehouse's unlawful acts, Ms. Wade has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, Ms. Wade, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b) that she be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 10th day of October, 2013.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
TRACY K. HAFF
Georgia Bar No. 141230
*Attorneys for Plaintiff*

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com